UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESTER K. CAMPBELL,

    Plaintiff,

v.                                                    Case No: 2:14-cv-617-FtM-29DNF

JEFFREY HUTCHINSON, Port Charlotte Macy's Inc. Department Store Loss Prevention Employee, JOHN DOE, Manager of the Department Store in Charlotte, TERRY LUNDGREN, CEO of Macy's, Inc. Department Stores, BRIAN RASH, Charlotte County Sheriff's Deputy, and BILL CAMERON, Charlotte County Sheriff,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff Lester K. Campbell ("Plaintiff") is a prisoner at the Hamilton County Correctional Institution in Jasper, Florida. Proceeding *pro se*, Plaintiff initiated this action against Macy's Department Store employees Jeffrey Hutchinson, John Doe, and Terry Lundgren, Charlotte County Sheriff's Deputy Brian Rash, and Charlotte County Sheriff Bill Cameron by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed October 14, 2014). Plaintiff did not set forth his claims adequately in his initial complaint, and he was directed to file an amended complaint (Doc.

9).  Plaintiff's amended complaint also failed to set forth his claims adequately, and in a detailed order specifying the amended complaint's deficiencies, Plaintiff was given another opportunity to amend (Doc. 13, filed November 21, 2014).  Plaintiff's second amended complaint is presently before this Court (Doc. 16).

Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), the Court must review his second amended complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  Upon review of the second amended complaint, the Court concludes that Plaintiff has failed to present an actionable claim and that dismissal of this case is warranted.

I.  **Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.  In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

      (A)   the allegation of poverty is untrue; or

      (B)   the action or appeal—

           (i)   is frivolous or malicious;

           (ii)   fails to state a claim on which relief may be granted; or

           (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint

may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

## II. Complaint

At the time Plaintiff initiated this lawsuit on October 12, 2014, he was confined at the Hamilton Correctional Institution in Jasper, Florida. His second amended complaint names five defendants: two members of the Charlotte County Sheriff's Office (Deputy Brian Rash and Sheriff Bill Cameron) and three employees of Macy's Department Store (Loss Prevention Employee Jeffrey Hutchinson, Manager John Doe, and CEO Terry Lundgren).

Plaintiff asserts that on October 10, 2010, Deputy Brian Rash conspired with Jeffrey Hutchinson to "concoct" a story to accuse Plaintiff of shoplifting (Doc. 16 at 5). Plaintiff asserts that a video exists showing shoplifting suspect Michael Shane Rowles

exiting a door of the store and Plaintiff exiting a different door and that Deputy Rash "must" have seen the video. Id. Nevertheless, Plaintiff was arrested and taken into custody, and the probable cause arrest affidavit stated that Plaintiff was at a counter with Rowles and used the same exit as Rowles when he left the store. Plaintiff provides no further detail concerning the content of the arrest affidavit. Plaintiff explained to Deputy Rash that he was not involved with the shoplifting. Id. On October 12, 2010, the judge determined that there was no probable cause to hold Plaintiff, but he was not released from custody until October 13, 2010. Id.

Plaintiff asserts that Brian Rash and Jeffrey Hutchinson acted with a desire to deny Plaintiff the rights of liberty and due process and to deliberately damage his reputation and character (Doc. 16 at 8). He claims that Terry Lundgren, the CEO of Macy's Department Store, is liable for poorly training Jeffrey Hutchinson. As relief, Plaintiff seeks compensatory and punitive damages from the defendants.

**III. Analysis**

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants. Although Plaintiff names Sheriff Cameron as a defendant, Cameron is mentioned nowhere in the body of Plaintiff's second amended

complaint. Likewise, Plaintiff names Manager John Doe and Macy's CEO Terry Lundgren as defendants, but Plaintiff mentions only that Terry Lundgren was responsible for Jeffrey Hutchinson's training. To the extent Plaintiff seeks to hold these defendants liable because they supervised Hutchinson or Rash, his claim is subject to dismissal because *respondeat superior,* without more, does not provide a basis for recovery under § 1983. Polk County v. Dodson*,* 454 U.S. 312 (1981); Cottone v. Jenne*,* 326 F.3d 1352 (11th Cir. 2003); Harris v. Ostrout*,* 65 F.3d 912, 917 (11th Cir. 1995). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." Monell v. Dep't of Soc. Servs.*,* 436 U.S. 658, 694 n. 58 (1978). Supervisory liability occurs either when "the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford*,* 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The court in Brown set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Id. (citations omitted). In the instant case, Plaintiff's second amended complaint fails to provide any factual basis for holding Cameron, Doe, or Lundgren liable for the alleged deprivation of Plaintiff's constitutional rights. The deficiencies in Plaintiff's *respondeat superior* claims were explained to Plaintiff in this Court's November 21, 2014 order, but Plaintiff did not address these deficiencies (Doc. 13 at 4-5). Plaintiff's *respondeat superior* claims against these defendants shall be dismissed.

The claims against Defendants Hutchinson, Doe, and Lundgren are also due to be dismissed because they are not proper defendants in a § 1983 action. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Griffin v. City

of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citations omitted).  Here, Plaintiff suggests that Hutchinson lied in order to have Plaintiff falsely arrested.  This allegation does not remotely suggest the kind of joint action with state actors that would subject this private party to § 1983 liability.  The test for determining whether a plaintiff has established state actions for purposes of a false arrest claim was detailed in this Court's November 21, 2014 order (Doc. 16 at 4), but Plaintiff has not amended his complaint to allege that any Macy's employee acted under the color

of state law at the time of the alleged unconstitutional activities. Plaintiff's claims against defendants Hutchinson, Doe, and Lundgren must be dismissed.[1]

Finally, Plaintiff cannot obtain the relief he seeks. Plaintiff requests compensatory and punitive damages for the alleged false arrest. However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all

---

[1] To the extent Plaintiff suggests Hutchinson and Rash conspired with one another to have Plaintiff falsely arrested, his allegations are wholly conclusory and insufficient to state a plausible § 1983 claim. To establish a *prima facie* case of conspiracy under § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights." See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context). "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants." Id. at 1283–84 (quotations and citation omitted). Vague or conclusory allegations are not sufficient. The allegations must be specific. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original). In the instant case, Plaintiff's sole allegation in support of his claim of conspiracy is that he believes one existed. This, without more, does not state a plausible claim of conspiracy against any of the defendants.

federal claims, including constitutional claims." Napier v. Preslicka, 314 F.3d 528, 532 ( 11th Cir. 2002)(citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody, *i.e.,* upon his arrest. See Napier, 314 F. 3d at 533 (holding that § 1997e(e) applies to prisoner lawsuits claiming injuries suffered during an arrest, because that is a custodial episode).² Plaintiff seeks damages for the mental injury (pain and suffering) and embarrassment he suffered as a result of the defendants' conduct. However, he alleges no physical injury. His complaint cannot be liberally construed to request nominal damages.³ Moreover, § 1997e(e)'s

---

² As in the instant complaint, the plaintiff in Napier claimed that he suffered injury from his mistaken arrest by law enforcement officers. The Eleventh Circuit held that "[t]he embarrassment or emotional harm occasioned by the mistaken arrest occurred, at the earliest, when Napier was arrested — or, using the Miranda construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim[.]" Id. at 533.

³ The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not save this claim from dismissal. Id. at 1162(holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as

limitations were explained to Plaintiff in this Court's November 21, 2014 order, and Plaintiff was directed to request nominal damages in his second amended complaint, which he did not do (Doc. 13 at 3). Therefore, Plaintiff's damages claims must be dismissed without prejudice under § 1997e(e). See Douglas v. Yates, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B) (ii)); Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in pertinent part, 216 F.3d 970 (11th Cir. 2000).

## IV. Conclusion

Because Plaintiff has failed to state a claim against any defendant, his second amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Because the shortcomings of Plaintiff's first amended complaint were clearly explained in this Court's November 21, 2014 order, yet repeated in his second amended complaint, Plaintiff will not be given a third

---

requesting nominal damages, because he specifically requests *only* compensatory and punitive damages. See Sears v. Rabion, 97 F. App'x 906 (11th Cir. 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

opportunity to amend his complaint.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's second amended complaint (Doc. 16) is dismissed without prejudice for failure to state claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(b)(ii).

2. The **Clerk of Court** is directed to terminate all pending motions, enter judgment in favor of the defendants, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __29th__ day of December, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record